UNITED STATES DISTRICT COURT
EASEN DISTRICT OF WISCONSIN

───────────────────────────────────────────────

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                        Case No. 20-cr-30-jps

DAVID QUINONES-QUINONES,

    Defendant.

───────────────────────────────────────────────

**ORDER SUSPENDING ATTORNEY JOSE R. FRANCO RIVERA FROM PRACTICING IN THE EASTERN DISTRICT OF WISCONSIN**

───────────────────────────────────────────────

On December 20, 2019, the Tribunal Supremo de Puerto Rico issued an order suspending Attorney Jose R. Franco Rivera from the practice of law effective January 13, 2020. In re Franco Rivera, No. CP-2017-21, 2019 WL 7596217 (TSPR Dec. 30, 2019). The court found that Franco Rivera had violated Canon 26 of the Code of Professional Ethics of Puerto Rico, which provides:

> No attorney is required to represent a specific client and it is their right to accept or reject a professional representation. It is highly improper to advise transactions or acts against the law, to file vicious pleas, to instigate false defenses without the lawyer being able to justify such acts on the pretext that in doing so, he did so following the instructions of his client. The lawyer must always obey his own conscience and not that of his client. It is improper for a lawyer to relieve himself of liability for negligent acts or omissions in his professional management.

Codigo de Etica Profesional (1970) (with amendments through November 2010), available at http://www.ramajudicial.pr/leyes/Codigo-de-Etica-Profesional-de-Puerto-Rico-1970.pdf. Part of the evidence presented by the Special

1

Commissioner was a table showing that Franco Rivera had been suspended from practice on three prior occasions. In re Franco Rivera, 2019 WL 7596217, at *7 n.17.

On March 12, 2020, Franco Rivera completed an application for admission to practice in the Eastern District of Wisconsin. In the application, which Franco Rivera signed, he stated that he had been admitted to the highest court in Puerto Rico in May 1981,[1] the U.S. District Court for the District of Puerto Rico in June 1981, the First Circuit Court of Appeals in February 1985 and the United States Supreme Court in May 1985. Presumably he was admitted to the three federal courts because he was a licensed attorney in good standing in the Commonwealth.

In support of the application, Franco Rivera submitted a certificate of good standing issued by the United States District Court for the District of Puerto Rico—the *federal* court—dated February 27, 2020. This court admitted Franco Rivera to practice in the Eastern District based on the certificate of good standing from its sister federal court in Puerto Rico. But Civil Rule 83A(d) of the Local Rules for the District of Puerto Rico states:

> Admission to and continuing membership in the bar of this Court is limited to attorneys who are of good moral character and are active members in good standing of the highest court of any state, the District of Columbia, the Commonwealth of Puerto Rico, the Territory of Guam, the Commonwealth of the Northern Mariana Islands, or the Virgin Islands of the United States. Any attorney previously admitted to the bar of this Court who no longer is in good

---

[1] The Tribunal Supremo de Puerto Rico confirmed this in its December 30, 2019 decision. In re Franco Rivera, 2019 WL 7596217, at *1 ("Licenciado Jose R. Franco Rivera was admitted to the practice of law on 15 May 1981 and to practice as a notariado on 17 June of the same year.")

standing of the bar of the highest court of any state, the District of Columbia, the Commonwealth of Puerto Rico, the Territory of Guam, the Commonwealth of the Northern Mariana Islands, or the Virgin Islands of the United States, shall not practice before this Court.

Available at https://www.prd.uscourts.gov/sites/default/files/documents/ajax/Local_Rules_amended_as_of_Sept_2_2010_with_TOC%2015_0.pdf. Civil L.R. 83E(j)(1) for the District of Puerto Rico states:

When it is shown to this Court that any member of its Bar has been suspended or disbarred from practice in any other court of record, or has been guilty of conduct unbecoming a member of the bar of this Court, the member will be subject to suspension or disbarment by this Court. The member shall be afforded an opportunity to show good cause, within such time as the Court shall prescribe, why the member should not be suspended or disbarred. Upon the member's response to the order to show cause, and after hearing, if requested, or upon expiration of the time prescribed for a response, if no response is made, the Court shall enter an appropriate order.

Id.

So—some forty-five days after Franco Rivera's suspension went into effect, he sought and obtained from the federal *district* court a certificate of good standing. Unaware of Franco Rivera's suspension by the *Commonwealth* court, however, this court admitted Franco Rivera to practice in the district, and on March 16, 2020—two months after the suspension in Puerto Rico became effective—Franco Rivera filed a notice of appearance in the Eastern District of Wisconsin on behalf of defendant Quinones-Quinones. Dkt. No. 251. The notice stated, "I am admitted or otherwise authorized to practice in this Court." Id.

The government filed a motion asking the court to issue an order to show cause, requiring Franco Rivera to appear at a hearing and show cause why this

3

court should not suspend him from practicing in the Eastern District of Wisconsin. Dkt. No. 295. The government cited to this district's General Local Rule 83(c)(1), which provides that "[a]ny licensed attorney in good standing before any United States court, or the highest court of any State, or the District of Columbia is eligible for admission to practice in this Court." The government implied that Franco Rivera was not "in good standing." The government cited to Gen. L.R. 83(d)(2), which states that notwithstanding the previous provision, the court "may suspend . . . from practice before this Court" any attorney "upon learning that [an attorney] admitted to practice in this Court has been disbarred or suspended from practice (other than for the nonpayment of dues) by the highest court of any state in which the attorney is licensed." It also cited to the last sentence of that rule, which requires "[a]ny attorney admitted to practice or appearing before this Court who is disbarred or suspended in any jurisdiction [to] promptly report the matter to this Court." The government cited Gen. L.R. 83(d)(1), which provides that attorneys who practice in the Eastern District are subject to the Wisconsin Rules of Professional Conduct for Attorneys, and implies that Franco Rivera may have violated several of *those* rules, including the rule requiring candor to the tribunal (SCR 20:3.3(a)(1)); the rule prohibiting a lawyer from practicing in a jurisdiction where doing so would violate the regulation of the legal profession in that jurisdiction (SCF 20:5.5(a)(1); and the rule that deems it professional misconduct for a lawyer to violate the Rules of Professional Conduct (SCR 20:8.4(a). Id. at 2-3.

4

Franco Rivera filed a response, indicating that all the information he submitted was truthful. Dkt. No. 300. In a technical sense, this may be true—his application for admission stated that he had been admitted to practice before the highest court in Puerto Rico in May 1981, and that appears to have been true. He provided a certificate of good standing from the district court in Puerto Rico; presumably that court would not have issued the certificate if it had not believed at the time that Franco Rivera was in good standing. Franco Rivera argued that he didn't realize that this court's local rule required him to be in good standing in *state* court, as opposed to *federal* court. Finally, Franco Rivera implied that the suspension proceedings in Puerto Rico were unfair in some way.

Today, the court held a hearing on the order to show cause; AUSAs Brady and Hoffman appeared for the government and Attorney Franco Rivera appeared. Franco Rivera admitted that he had been suspended by the Supreme Court of Puerto Rico in January of this year. He told the court that when defendant Quinones-Quinones sought to retain him, Franco Rivera told Quinones-Quinones that Franco Rivera would need to find out if he could be admitted to practice in this district. Franco Rivera indicated that he went on this court's web site and obtained an application. He listed the jurisdictions in which he'd been admitted and the dates of admission. When he got to the part of the application that required him to attest to the fact that he had read the standards of professional conduct for the district and agreed to abide by them, Franco Rivera told the court, he'd decided to look at the district's local rules.

He told the court that he read General L.R. 83(c), which provided that any licensed attorney in good standing before "any United States court, *or* the highest court of any State, *or* the District of Columbia is eligible for admission to practice" in the Eastern District. Franco Rivera said that upon reading that language, he concluded that he was eligible for admission, because he was admitted to practice in the District Court for the District of Puerto Rico. Franco Rivera conceded that as to the rest of the rules, he'd scanned them. He told the court that he hadn't read further to Gen. L.R. 83(d)(2), which requires an attorney appearing before the court to promptly report to the court any suspension or disbarment in any district, and which allows the court to suspend an attorney who has been disbarred or suspended by the highest court in any state where the attorney is licensed.

Franco Rivera explained that he was preparing to challenge his indefinite suspension in Puerto Rico in the United States Supreme Court. He also told the court that he had received a notice from Chief Judge Gustavo Gelpì of the District of Puerto Rico, giving him thirty days to show cause why he should not receive a reciprocal sanction in federal court to the one he received from the Puerto Rico Supreme Court. Franco Rivera told the court that he was preparing a response for Chief Judge Gelpì and asked this court to give him a week—until next Friday, April 10—to provide this court with a response.

The government characterized Franco Rivera's arguments as spurious. The prosecutor stated that as far as he was aware, in order to be admitted to practice in any federal court, one had to be in good standing in a state court,

and that if one was not in good standing in state court, one couldn't remain in good standing in federal court. The prosecutor also dismissed Franco Rivera's argument that he had not intentionally misled the court and was at fault only for failing to more closely read the local rules. Counsel argued that if anything else, Franco Rivera's conscience should have alerted him that he ought to advise this court of the suspension of his ability to practice before making an appearance and filing pleadings here.

Franco Rivera characterized the prosecutor's argument as an argument that Gen. L.R. 83(d) mandated the "automatic" suspension of a lawyer who'd been suspended or disbarred in state court, and argued that that was not what the rule said. He asserted that if suspension was "automatic" upon a lawyer being disbarred or suspended by a state court, there would be no need for the local rule to give discretion to this court to suspend. Franco Rivera noted that there were occasions where lawyers had been suspended by state licensing authorities and the federal courts had declined to exercise their discretion to suspend.

Franco Rivera also asserted that he believed that he *had* indicated in his application that he was challenging an order suspending him from practice in Puerto Rico. The court had a copy of Franco Rivera's application for admission and read it aloud to the parties. It did not mention the suspension. The court noted that Franco Rivera had signed the portion of the application indicating that he had read the standards of conduct for this district and that he agreed to abide by them.

Franco Rivera stated that he did not know why the application did not mention the suspension. He told the court that he had not appeared today to mislead the court or to be untruthful and that he respected the court. He indicated that he would not jeopardize his livelihood or his family by being untruthful. He again asked the court to give him a week to file a detailed, thorough response to the show-cause order, explaining why the court should not suspend him.

The court told Franco Rivera that it had several concerns. The first was that Franco Rivera was asking for a week to provide more information to the court, but at the same time was actively filing pleadings in this case. Franco Rivera responded that he was not asking for that; he understood that the court would abstain from ruling on anything he had filed until he provided the court with the response to the show cause order. The court thanked Franco Rivera for the clarification but noted that he had violated Gen. L.R. 83(d) by failing to notify the court of his suspension. The court also opined that Franco Rivera had been less than truthful with the court today, indicating that he believed that he had mentioned the suspension in his application for admission when the court had the application before it and could see that he had not. The court stated that regardless of what explanation Franco Rivera might provide regarding his suspension by the Supreme Court of Puerto Rico, he had violated this court's rules. The court told Franco Rivera that it would issue an order suspending him from practice. It ordered Franco Rivera to share this information with his client, and to cooperate with any successor counsel in

8

turning over his file. It also indicated that if defendant Quinones-Quinones needed appointed counsel, he could be evaluated for that.

The court **FINDS** that Josè R. Franco Rivera was suspended from practice indefinitely by order of the Tribunal Supremo de Puerto Rico in an order dated December 20, 2019, with an effective date of January 13, 2020.

The court **FINDS** that despite this suspension, Josè R. Franco Rivera applied for admission to practice before this court and represented that he had read this court's rules of conduct and agreed to abide by them.

The court **FINDS** that Josè R. Franco Rivera did not promptly notify this court of his suspension as required by Gen. L.R. 83(d)(2), and that by providing the court with a certificate of good standing from the District Court for the District of Puerto Rico, he gave the court the false impression that he was in good standing in the Commonwealth when he was not.

The court **FINDS** that Josè R. Franco Rivera attested on his application for admission that he had read the standards of professional conduct for this district but admitted to this court that he did not read all of Rule 83.

Based on these findings, the court **ORDERS** that Josè R. Franco Rivera is **SUSPENDED** from practicing in the district court for the Eastern District of Wisconsin under Gen. L.R. 83(d)(2).

The court **ORDERS** that Josè R. Franco Rivera shall promptly notify defendant Quinones-Quinones that Franco Rivera may no longer represent Quinones-Quinones in any case in this district.

The court **ORDERS** that Josè R. Franco Rivera shall cooperate with successor counsel in turning over his file.

The court **ORDERS** that if defendant Quinones-Quinones cannot afford to retain successor counsel, he may ask Federal Defender Services of Wisconsin to evaluate him for appointed counsel.

Dated in Milwaukee, Wisconsin this 3rd day of April, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**