# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID QUINONES-QUINONES,<br><br>Defendant. | Case No. 20-CR-30-1-JPS<br><br>**ORDER** |

On June 5, 2023, Defendant David Quinones-Quinones ("Defendant") moved for compassionate release. ECF No. 1098. The Government responded to the motion on July 13, 2023, ECF No. 1119, and included a certificate of service indicating that the response was served on Defendant, ECF No. 1122. The Government also filed a motion to seal Defendant's prison medical records, ECF No. 1120, which the Court will grant. Defendant filed a reply brief on August 31, 2023. ECF No. 1133. For the reasons described below, the Court will deny Defendant's motion.

1. **FACTS**

In 2022, Defendant pled guilty to one count of an Indictment charging him with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and 18 U.S.C. § 2. ECF Nos. 786, 794, 825. In August 2022, the Court sentenced Defendant to 130 months of imprisonment, to be followed by a five-year term of supervised release. ECF No. 934. Defendant elected not to appeal his judgment and conviction. ECF No. 958. Defendant now seeks compassionate release on several bases: (1) environmental risk factors constituting an "[i]nability to practice self-

care," (2) his medical conditions, (3) the "First Step Act Pre-Release Date," and (4) the 18 U.S.C. § 3553(a) factors. ECF No. 1098 at 2.

2. **LEGAL STANDARD**

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons (the 'BOP') to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). There must also be "extraordinary and compelling reasons warrant[ing] such a reduction[.]" *Id.* § 3582(c)(1)(A)(i).

While § 3582(c)(1)(A) instructs that a reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," this circuit recently held that the relevant policy statement, U.S.S.G. § 1B1.13, is inapplicable to prisoner-initiated motions for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Therefore, a court has discretion when determining what constitutes an "extraordinary and compelling" reason warranting compassionate release. *Id.* ("[T]he trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement."). A district court may also "make the same determinations that would normally be left to the Director of the Bureau of Prisons [under the catchall provision at U.S.S.G. § 1B1.13 n.1(D)]." *United States v. Brown*, No. 01-CR-196-JPS, 2020 WL 4569289, at *4 (E.D. Wis. Aug. 7, 2020).

Yet, this Court will evaluate prisoner-initiated motions for compassionate release with due regard for the guidance provided in § 1B1.13 because it "provide[s] a working definition of 'extraordinary and

Page 2 of 12
Case 2:20-cr-00030-JPS   Filed 09/22/23   Page 2 of 12   Document 1138

compelling reasons' . . . [which] can guide discretion without being conclusive." *Gunn*, 980 F.3d at 1180; *see also United States v. Mays*, No. 1:08-cr-00125-TWP-DML, 2020 WL 7239530, at *3 (S.D. Ind. Dec. 9, 2020) (evaluating compassionate motions brought under the "extraordinary and compelling" prong of § 3582(c)(1)(A) with "due regard" for § 1B1.13).

Prior to modifying a term of imprisonment, the Court must also consider the § 3553(a) factors, if applicable. 18 U.S.C. § 3582(c)(1)(A).

### 3. ANALYSIS[1]

As an initial matter, Defendant's argument regarding the First Step Act is not an appropriate basis for compassionate release. The gist of Defendant's argument is that "S.P.C. Williamsburg is not following or attempting to apply[]" the "First Step Act of 2018—Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)" issued by the Director of the BOP. ECF No. 1098 at 6; ECF No. 1098-1 at 26. Specifically, Defendant raises grievances regarding the BOP's failure to calculate and award his time credits, ensure his participation in the RDAP program, or place him in an institution close to his home. ECF No. 1098 at 6–7; ECF No. 1133 at 6–7 (citing, *e.g.*, *Pillow v. Bureau of Prisons*, No. 4:22-cv-00713-PSH, 2022 WL 13892877 (E.D. Ark. Oct. 21, 2022) and *Yufenyuy v. Warden*, No. 22-cv-443-AJ, 2023 WL 2398300, at *4 (D.N.H. Mar. 7, 2023)).

The cases cited by Defendant involve petitions for a writ of habeas corpus under 28 U.S.C. § 2241, which are "filed in the district court for the district wherein such person is in custody," not compassionate release motions before the sentencing court. 28 U.S.C. § 2241(d). To the extent Defendant raises a grievance with his placement or RDAP, those issues are

---

[1] The Government does not dispute that Defendant has exhausted his administrative remedies. ECF No. 1119 at 4.

solely within the domain of the BOP, and to the extent he raises issues with his time credits, he must raise those instead through § 2241. *See, e.g., United States v. Corbitt*, No. 19 CR 75 1 JPS, 2023 WL 4627698, at *4 (E.D. Wis. July 19, 2023) ("[I]nmate custodial placements are the domain of the BOP.") (citing *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021)); *Espinosa v. Rios*, No. 1:10-CV-01781 MJS HC, 2011 WL 4084365, at *4 (E.D. Cal. Sept. 13, 2011) ("RDAP decisions . . . are properly left to the BOP's discretion."); *United States v. Smith*, No. 1:17-CR-20753, 2022 WL 17718413, at *4 (E.D. Mich. Dec. 15, 2022) ("If Defendant's FSA Time Credits are not applied . . ., then he may challenge the computation of his time credits under 18 U.S.C. § 2241."); *United States v. Avant*, No. 05-CR-10074, 2023 WL 3213534, at *1 (C.D. Ill. May 2, 2023) ("Defendant's disagreement with the manner in which his good time credits are applied and his placement in BOP are not an appropriate bases for compassionate release. The jail system has a grievance process and Defendant could consider filing a petition under 28 U.S.C. § 2241 . . . .").

Therefore, the Court will analyze only the other grounds raised by Defendant in support of compassionate release; namely, his medical conditions and the conditions at his institution.

### 3.1 Extraordinary and Compelling Reasons

As his first proffered extraordinary and compelling reason for release, Defendant argues that environmental risk factors are present at the S.C.P. Williamsburg Camp, where he says he is housed,[2] which prevent him

---

[2] The Government and the Bureau of Prisons Inmate Locator both indicate that Defendant is housed at FCI Williamsburg. ECF No. 1119 at 1; *see also* Bureau of Prisons Inmate Locator, *available at* https://www.bop.gov/inmateloc/ (last visited Sept. 13, 2023). Defendant asserts that he is instead housed at S.C.P. Williamsburg Camp. ECF No. 1133 at 1. The location is ultimately immaterial

Page 4 of 12
Case 2:20-cr-00030-JPS   Filed 09/22/23   Page 4 of 12   Document 1138

from adequately caring for himself. ECF No. 1098 at 2. He asserts that his "open-bay housing unit" has no exhaust fans or return air system, which prevents proper air flow and ventilation. *Id.* Instead, the unit relies on wall-mounted fans, which circulate bacteria and viruses. *Id.* The showers leak into three different walls, which has led to "standing water in the plumbing wall . . . at all times." *Id.* As a result, the TV room, bathroom, and main walkway are constantly leaking water. *Id.* at 2–3. The institution has placed blankets on the ground to soak up the water, but they are not entirely effective. *Id.* at 3. Nor is plastic wrap that the institution has wrapped around the toilets and urinals. *Id.* The leaks have caused visible mold. *Id.*

Defendant also alleges that, in April 2023, medical staff did not perform testing for COVID-19 after one inmate tested positive. *Id.* He explains that prior to this, in February 2022 and December 2020, the institution did not properly quarantine sick inmates from healthy inmates. *Id.* at 4. Defendant argues that this "pattern of neglect and complete disregard for the safety of inmates" has denied him the ability to practice self-care. *Id.* In his reply brief, Defendant reiterates that his institution is aware of these conditions but has declined to address them, "reflect[ing] deliberate disregard." ECF No. 1133 at 3 (quoting *Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015)).

These conditions cannot be a standalone basis for compassionate release. While an inmate may provide generalized arguments about the conditions of his institution, he must "connect [them] to his specific circumstances." *United States v. Newton*, 996 F.3d 485, 491 (7th Cir. 2021) (citing *United States v. Joiner*, 988 F.3d 993, 996 (7th Cir. 2021)); *see also United*

---

because the Court considers Defendant's allegations about the inadequacy of his housing as he states them.

*States v. Garcia*, No. 3:15-CR-0194-B-1, 2021 WL 3269774, at *3 (N.D. Tex. July 30, 2021) ("[T]o the extent Garcia raises concerns about the conditions at Tallahassee FCI, those concerns do not give rise to extraordinary and compelling circumstances because they are not individual to Garcia.") (citing *United States v. Vargas*, No. 3:17-CR-0342-B-2, 2021 WL 347586, at *3 (N.D. Tex. Feb. 2, 2021)). Thus, the Court will consider Defendant's submissions regarding the conditions at his institution in combination with his allegations concerning his medical conditions. *See Newton*, 996 F.3d at 491.

Defendant lists the following medical conditions: obesity, anxiety disorder, obstructive sleep apnea, insomnia, disc degeneration, "polynemopathy," and hospitalization in March 2023 for an emergency gallbladder operation. ECF No. 1098 at 5. In his reply brief, he also discusses his mental health conditions, including his depression, at length, and argues that he "receives no counseling or class support to improve his mental health issues." ECF No. 1133 at 7–8. Defendant asserts that the combination of these medical issues is extraordinary and compelling, and requests that the Court consider "what it is like for an individual [with these physical and mental health issues] to be subjected daily to the conditions at S.C.P. Williamsburg as stated within." ECF No. 1098 at 5; ECF No. 1133 at 9; *see also id.* at 7–8.

Defendant has not provided enough detail about his physical health issues for the Court to have a clear understanding of how they affect him day-to-day. "[S]imply listing diagnoses," like Defendant does, is insufficient to establish why a defendant's medical risks are "extraordinary compared to the general population." *United States v. Hoskins*, No. 21-2912, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (citing *Joiner*, 988 F.3d at 995–

96). Simply put, Defendant does not explain how the conditions he describes at his institution have affected his physical health issues. Indeed, Defendant's prison medical records are rife with notes indicating that Defendant's conditions are being effectively treated and that his surgery was completed successfully. *See, e.g.*, ECF No. 1121 at 16 ("Has gallstones. Plan is to do lap chole tomorrow"), 13 ("Inmate returned from hospital stay after [gallbladder surgery]. Pain: No."), 5 ("Will recommend NCS/EMG of bilateral legs."), 21 ("Chest pain with radiation to stomach . . . Forwarded to ER via EMS for evaluation."); ECF No. 911 at 16 ("[Defendant] reported being briefly hospitalized . . . for a gallbladder issue, but stated he was treated and discharged.").[3]

With respect to COVID-19, Defendant represented in a November 4, 2022 questionnaire that he has received two doses of the Johnson & Johnson vaccine. ECF No. 1121 at 164. At that time, he declined any further dose, *id.*, and declined to receive any further doses as recently as March 3, 2023, *id.* at 152. *See United States v. Clemons*, No. 21-2440, 2022 WL 1436801, at *2 (7th Cir. May 6, 2022) ("Despite the threat of new coronavirus variants, we reiterate that an inmate's risk of COVID-19 cannot justify compassionate release absent an inability 'to receive or benefit from a vaccine.'") (quoting *United States v. Broadfield*, 5 F.4th 801, 802–03 (7th Cir. 2021) and citing *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021)). By merely listing his diagnoses, Defendant has also neglected to present any "individualized evidence of why, despite his vaccination, his medical risks are extraordinary." *Hoskins*, 2022 WL 2187558, at *1 (citing *Joiner*, 988 F.3d at

---

[3] Defendant's prison medical records indicate competing diagnoses of obesity. *Compare* ECF No. 1121 at 122 (diagnosing Defendant as obese), *with id.* at 49 (Defendant is not obese).

995–96). At any rate, the World Health Organization has declared that the COVID-19 pandemic is now over.[4]

As to Defendant's mental health, the Court does not doubt that the custodial setting is stressful, particularly in light of the concerns Defendant raises in his motion. The Court shares in Defendant's concerns to the extent they suggest a lack of adequate BOP staffing. The Court has made it a point for the last two years to raise at every single sentencing hearing, including Defendant's, its analysis of BOP staffing as a factor affecting the ultimate sentence to be imposed. ECF No. 933. Thus, the Court "knew [of this issue] when it sentenced [Defendant]" approximately one year ago, making it an inappropriate basis for compassionate release. *See United States v. Polnitz*, No. 17-CR-201-PP, 2020 WL 1139836, at *2 (E.D. Wis. Mar. 9, 2020); *United States v. Hunter,* 12 F.4th 555, 569 (6th Cir. 2021) (courts are precluded from relying on facts that existed at sentencing as extraordinary and compelling reasons to reduce sentence) (citing 18 U.S.C. § 3582(c)(1)(A)).

These problems are pervasive and systemic. And many inmates suffer from mental health issues, either predating or exacerbated by these problems. *See Polnitz*, 2020 WL 1139836, at *2 ("Many inmates suffer from pain and mental illness."). But Defendant does not explain how his mental health issues are extraordinary and compelling as compared to others at his institution. *See Hoskins*, 2022 WL 2187558, at *1. As the Court explained above, compassionate release requires an individualized look at each defendant's case, thus making it the incorrect vehicle to raise institutional concerns about staffing and mental health. A complaint regarding deficient medical care or staffing is best raised through a civil action, as indicated by

---

[4]Smitha Mundasad, et al., *Covid Global Health Emergency Is Over, WHO Says* (May 5, 2023), *available at* https://perma.cc/G93Z-XR4P (last visited Sept. 13, 2023).

Page 8 of 12
Case 2:20-cr-00030-JPS   Filed 09/22/23   Page 8 of 12   Document 1138

the 42 U.S.C. § 1983 case law Defendant cites regarding the alleged deliberate disregard of his institution's staff. *See* ECF No. 1133 at 3 (quoting *Perez*, 792 F.3d at 782); *see also United States v. Perales*, No. 07-CR-30115-DWD, 2022 WL 1004583, at *2 (S.D. Ill. Apr. 4, 2022) ("[The defendant's] arguments concerning his deficient medical care are more appropriately raised through a civil litigation action and not in this motion for compassionate release.") (citing *Graham v. Broglin*, 922 F.2d 379, 380-81 (7th Cir. 1991) (civil rights litigation is the proper remedy for conditions of confinement challenges)).

The Court agrees with Defendant that counseling should be made available at his institution and recommends that Defendant work with the BOP and his case manager to receive the mental health treatment he seeks. However, from the records before the Court, Defendant is receiving multiple different prescription medications to treat his anxiety and depression. *See, e.g.*, ECF No. 1121 at 29; *see also United States v. Freeman*, No. 1:16-CR-78-HAB, 2022 WL 17090868, at *2 (N.D. Ind. Nov. 21, 2022) (anxiety not extraordinary or compelling where the defendant was "on a medication regimen for his . . . anxiety and there is no indication in his medical file that those medications are insufficient to treat his conditions"). The records also indicate that Defendant has not reported any mood impairments. *See, e.g.*, ECF No. 1121 at 24; *see also United States v. Cancino*, No. 12 CR 521, 2023 WL 2988815, at *3 (N.D. Ill. Apr. 18, 2023) (where medical records show medication dosage and the defendant's denial of impaired mood, mental health issues not extraordinary or compelling).

Therefore, an individualized look at Defendant's physical and mental health ailments against the backdrop of the conditions he claims to

suffer at his institution do not suggest that compassionate release is warranted.

### 3.2 The § 3553(a) Factors

Having determined that Defendant has not presented an extraordinary and compelling reason warranting compassionate release, the Court is not required to consider the § 3553(a) factors. *See United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021) ("*Upon a finding* that the prisoner has supplied [an "extraordinary and compelling"] reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) . . . ." (emphasis added)). However, even if Defendant had demonstrated an extraordinary or compelling reason, the Court's application of the sentencing factors to Defendant counsels against compassionate release.

The § 3553(a) factors include the following: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, and/or treatment. 18 U.S.C. § 3553(a).

With respect to the conduct underlying Defendant's charge of conviction, Defendant operated as part of a far-ranging conspiracy to distribute kilogram-quantities of cocaine in the Milwaukee area. ECF No. 911 at 8. Defendant was based in Puerto Rico and received maritime shipments of kilogram-quantities of cocaine from the Dominican Republic, which he supplied to other distributors in Puerto Rico, including a 90-kilogram shipment in December 2019. *Id.*; ECF No. 1119 at 13. Those

Page 10 of 12
Case 2:20-cr-00030-JPS    Filed 09/22/23    Page 10 of 12    Document 1138

distributors then mailed the cocaine to the continental United States, including to Milwaukee. ECF No. 911 at 8. Defendant did so while possessing a firearm, a large sum of cash, and a money counter. ECF No. 1119 at 12. Defendant was motivated to join the operation because he "needed money," ECF No. 911 at 10, but the Social Security Administration (which had been paying him benefits for back problems) deemed him "physically able to seek employment" as of 2019, *id.* at 18.

Defendant now argues that a desk job will be waiting for him upon release. ECF No. 1098 at 8. But Defendant was named as the lead defendant in this 26-defendant action for a reason; without his participation, there would not have been mass quantities of cocaine received from the Dominican Republic for distribution. Releasing Defendant now, approximately one year since he was sentenced, would neither provide just punishment nor promote respect for the law.[5]

4. **CONCLUSION**

Defendant has not proffered an extraordinary and compelling reason warranting compassionate release. Moreover, the § 3553(a) factors do not support compassionate release at this juncture. Therefore, the Court will deny Defendant's motion for compassionate release.

Accordingly,

**IT IS ORDERED** that the Government's motion to seal, ECF No. 1120, be and the same is hereby **GRANTED**; the medical records docketed at ECF No. 1121 shall remain under seal until further order of the Court; and

---

[5]To the extent Defendant requests to serve the remainder of his sentence in home confinement, ECF No. 1098 at 7–8, the Court "cannot field a request for home confinement" because, as earlier noted, inmate placement is the domain of the BOP. *Corbitt*, 2023 WL 4627698, at *4.

**IT IS FURTHER ORDERED** that Defendant David Quinones-Quinones's motion for compassionate release, ECF No. 1098, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 22nd day of September, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge